## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TERRIE N. TWILLIE,                    )
                                      )
               Plaintiff,        )          Civil Action No. 11-165 Erie
                                      )
     v.                              )
                                      )
ERIE SCHOOL DISTRICT and ERIE         )
COUNTY JUVENILE PROBATION,            )
                                      )
             Defendants.       )

## MEMORANDUM OPINION

ARTHUR J. SCHWAB, District Judge.[1]

       Presently pending before the Court is the Motion to Dismiss the Plaintiff's Second
Amended Complaint filed by Defendant Erie County Juvenile Probation Department ("ECJP"),
*see* [ECF No. 47], and the Motion to Dismiss Plaintiff's Amended Complaint filed by Defendant
Erie School District ("ESD").  *See* [ECF No. 49].  For the reasons set forth below, both Motions
will be granted.

### I. PROCEDURAL BACKGROUND

       Terrie N. Twillie ("Plaintiff"), proceeding *pro se*, filed her original Complaint on August
9, 2011 against the ESD and the ECJP.  *See* [ECF No. 2].  In this Complaint, the Plaintiff
recounted the filing of her "discrimination complaint" with the Equal Employment Opportunity
Commission ("EEOC"), and broadly asserted "un-ethical, "un-professsional" and "un-
reasonable" behavior by unnamed supervisors.  *Id*.  On February 5, 2012, ECJP filed a Motion to
Dismiss this Complaint for failure to state a claim, *see* [ECF No. 12], and following oral
argument, the Court allowed Plaintiff to amend her Complaint.  *See* Minute Entry dated June 13,
2012.  Specifically, the Court stated:

---

[1] This matter was originally assigned to Chief Judge Sean J. McLaughlin.  Following his resignation, this matter was
reassigned to the undersigned Judge.  *See* [ECF No. 60].  The Court has reviewed and considered all of the parties'
filings and prior orders entered in this action.

> THE COURT:  … Ms. Twillie, I'm going to give you a chance to – I'm not going to dismiss your complaint, I'm going to deny the motion to dismiss.  But I'm going to order that you file an amended complaint, a new complaint, okay, within 20 days.  And I'm going to try to, in broad brush, give you some outline for it. You need to state, and it doesn't have to go on for pages and pages, you have to state how you were discriminated against; in other words, did you miss a position that you think you should have gotten, were you treated differently than non-minorities in ways that materially affected your work.  In other words, how were you harmed because of either your race, your disability, or your religion.  When were you harmed because of your race, your disability, or your religion.  By whom were you harmed because of your race, your disability, or religion. Because they need to know what exactly it is that you're complaining about. …

[ECF No. 63] pp. 24-25.

On July 3, 2012, Plaintiff filed an Amended Complaint in narrative form purporting to raise violations of various federal statutory provisions.  *See* [ECF No. 16].  Specifically, Plaintiff asserted claims under Titles II through XI of the Civil Rights Act of 1964, and the Equal Pay Act.  *Id.*   In addition to this Amended Complaint, Plaintiff filed 434 pages of "Exhibits."  *See* [ECF No. 17].  Thereafter, on July 27, 2012, both Defendants filed Motions to Dismiss.  *See* [ECF No. 20] and [ECF No. 22].  Prior to the Court's adjudication of this second round of Motions, Plaintiff filed a document styled "Amendment to Amended Complaint" on September 14, 2012, *see* [ECF No. 30], along with 535 pages of Exhibits.  *See* [ECF No. 31].  On September 25, 2012, Plaintiff filed a document styled "Amendment to Amended Complaint = Amended."  *See* [ECF No. 32].  The ESD filed a Motion to Dismiss the Amendment to Amended Complaint on September 27, 2012.  *See* [ECF No. 34].

Thereafter, the ESD requested a status conference to clarify certain procedural matters and resolve the pending Motions before the Court.  *See* [ECF No. 38].  At the status conference held on January 15, 2013, the Plaintiff stated that it was her belief that she had been unlawfully denied a promotion as a regular probation officer based upon her race, gender, and religious beliefs.  *See* [ECF No. 42] at pp. 3-5.  Plaintiff further stated that she was asserting a separate claim for sexual harassment.  *Id.* at pp. 3-4.  Finally, Plaintiff indicated that she was alleging an

Equal Pay Act claim, since it was her contention that male workers were paid more than she was for similar duties. *Id*. at p. 4.

Following this exchange with the Plaintiff, the Court was of the view that the Plaintiff be given one final opportunity to amend her Complaint in order to attempt to adequately plead her case. *Id*. at pp. 7-8. The Court granted the pending Motions to Dismiss without prejudice, and granted Plaintiff leave to amend her Complaint with the following instructions:

> THE COURT: … I'm going to give you 20 days. What I want you to do, and you should be able to do this in no more than three or four, maybe five pages, at the max, with respect to race, put a count race discrimination. Put a count sexual harassment. Put a count equal pay claim. And then put a count religious discrimination. All right. And then under each of those counts, in summary form, explain how you were discriminated against and by whom you were discriminated against. Those are the two big things that have to be said about any allegation; who did it and how they did it. Do you understand that?
>
> MS. TWILLIE: I understand.

[ECF No. 42] pp. 7-8.

Plaintiff filed a Second Amended Complaint on February 4, 2013, and a document styled "Statement of the Facts" on September 15, 2013. *See* [ECF No. 43] and [ECF No. 46]. Defendants have filed Motions to Dismiss arguing that all claims against them should be dismissed pursuant to Rule 12(b)(6). *See* [ECF No. 47] and [ECF No. 49]. Plaintiff has filed Briefs in Opposition to the Defendants' Motions, *see* [ECF No. 52], [ECF No. 53] and [ECF No. 57], and the matter is now ripe for determination. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## II. FACTUAL BACKGROUND

According to the allegations in the Second Amended Complaint, which we accept as true solely for the purposes of deciding the instant Motions, this lawsuit centers around the Plaintiff's employment as a Community Justice Officer. *See* [ECF No. 43] ¶ 6. Plaintiff alleges that she was hired under an "unjust agreement" between the Defendants as a probation officer, but carried the title of Community Justice Officer because the ESD paid her salary. *Id*. In March 2008, Plaintiff contends that she was informed of "changes" by the Chief of Probation that

3

"basically unjustly demote[ed] her", and since that time, has been "continually denied [the] position she was hired for." *Id*.  Plaintiff further alleges that she was "purposefully isolated" in the workplace because of her protected classification of either being a woman, being African American, disabled, or Christian, and was "the subject of their unlawful Lily White practices, in regards to hiring, and daily hostile environments." *Id*.  Plaintiff avers that she applied for other jobs and was suitably qualified, but has been denied promotions and transfers, "because of her protected classification of either being a woman, being African American, being disabled or being Christian." *Id*. at ¶ 7.  According the Second Amended Complaint, the Defendants "attempted to transform Plaintiff into being a secretary as a result of her gender[,]" and she received lesser pay than a similarly situated white female. *Id*. at ¶¶ 8-9.  Finally, Plaintiff alleges that she has the disability of "MS" and the Defendants unreasonably refused her request for an adjustment of her hours as an accommodation. *Id*. at ¶ 10.

Plaintiff has identified five separate causes of action in her Second Amended Complaint based upon the above factual allegations.  Plaintiff asserts claims against the Defendants for race (Count I), religion (Count II), and gender (Count IV) discrimination and/or harassment (Count V) pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII").  Plaintiff further asserts a claim for disability discrimination (Count III) under the American with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA").  Included within Count III, Plaintiff claims an alleged violation of the Family Medical Leave Act, 29 U.S.C. § 2611 *et seq*. ("FMLA").  Plaintiff attached a "Statement of the Facts" to her Second Amended Complaint elaborating on her race and disability discrimination claims (Counts I and III), and separately filed a "Statement of the Facts" on February 15, 2013, setting forth additional facts related to her sexual harassment/hostile environment claim set forth in Count V of her Second Amended Complaint. *See* [ECF No. 46].

## III. STANDARD OF REVIEW

Defendants have moved for dismissal of the Plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In considering a Rule 12(b)(6) motion, federal courts require notice pleading, as opposed to the heightened standard of fact pleading.  Federal Rule of

Civil Procedure 8(a)(2) requires only "' a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the … claim is and the grounds on which it rests.'" *Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 554, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the United States Court of Appeals for the Third Circuit explained that a district court must undertake the following analysis in determining the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1947, 173 L.Ed.2d 868 (2009). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 1950. Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id*. This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the Complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, 641 F.2d 560, 563 (3d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 675, 679).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

This Court may not dismiss a complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id*. at 556. Generally speaking, a complaint that provides adequate facts to establish "how, when, and where" will

survive a motion to dismiss. *Fowler*, 578 F.3d at 212; *see also Guirguis v. Movers Specialty Servs., Inc.*, 346 Fed. Appx. 774, 776 (3d Cir. 2009). In short, a motion to dismiss should not be granted if a party alleges facts which could, if established at trial, entitle him to relief. *Fowler*, 578 F.3d at 563 n.8.

Finally, because Plaintiff is proceeding pro se, her complaint must be "'liberally construed'" and "'held to less stringent standards than formal pleadings drafted by lawyers[.]'" *Brown v. City of Long Branch*, 380 Fed. Appx. 235, 238 (3d Cir. 2010) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Nevertheless, a litigant, even one that is *pro se*, "is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 Fed. Appx. 325, 328 (3d Cir. 2010).

# IV. DISCUSSION

## A. Motion to Dismiss of ECJP [ECF No. 47]

Defendant ECJP moves for dismissal of the Plaintiff's claims on the following grounds: (1) Plaintiff has failed to state a claim for race discrimination under Title VII (Count I); (2) Plaintiff failed to administratively exhaust her claims based on race, religion, gender, and sexual harassment/hostile environment under Title VII (Counts I, II, IV, and V); and (3) Eleventh Amendment immunity bars the Plaintiff's claims based on the ADA and/or the FMLA (Count III).

### 1. Failure to state a claim for race discrimination under Title VII (Count I)

Plaintiff's race discrimination claim is based on Title VII, which makes it an "unlawful employment practice" for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's … race." 42 U.S.C. § 2000e-2(a)(1). In order to state a viable Title VII claim, a plaintiff must show that she (1) belongs to a protected class; (2) was qualified for the position; (3) suffered an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. *Makky v. Chertoff*, 541 F.3d 205, 214 (3d Cir. 2008). To survive a motion to dismiss, Plaintiff must set forth allegations that state a plausible claim of

discriminatory treatment.  *Fowler*, 578 F.3d at 211 (citing *Wilkerson v. New Media Tech. Charter Sch., Inc.*, 522 F.3d 315, 322 (3d Cir. 2008)).

Here, ECJP argues that the Plaintiff's discrimination claim based upon her race must fail since she has not pled sufficient facts from which discriminatory animus could be construed. Viewing the allegations of the Second Amended Complaint in the light most favorable to the Plaintiff, we find the Plaintiff's allegations of racial discrimination are insufficient under *Twombly* and its progeny.  As previously noted, the Plaintiff's Second Amended Complaint alleges that she was informed in March of 2008 of "changes" that would "unjustly demote her." [ECF No. 43] at ¶ 6.  Plaintiff further alleges that she was "the subject of their unlawful Lily White practices, in regards to hiring."  *Id*.  Plaintiff avers that she applied for other jobs, was suitably qualified, but has been denied promotions and transfers, "because of her protected classification of being … African American … ."  *Id*. at ¶ 7.  In her "Statement of the Facts" attached to her Second Amended Complaint, Plaintiff states that she applied for a Juvenile Probation Officer position at the end of 2009 but was not chosen.  *See* [ECF No. 43] p. 11. Plaintiff further states that in 2010, Mara Johnson, an African American woman, was hired "in a county position" that she desired.  *Id*.  None of these allegations, however, either singularly or in combination, are sufficient to establish an inference that the Plaintiff was not promoted because of her race.  Accordingly, Plaintiff has failed to state a claim against ECJP for racial discrimination pursuant to Title VII and the Motion to Dismiss will be granted with respect to this claim.[2]

   *2.  Failure to exhaust claims for race, religion, gender, and sexual harassment/hostile environment under Title VII (Counts I, II, IV and V)*

ECJP's second argument is that the Plaintiff's Title VII claims based on race, religion, gender, and sexual harassment/hostile environment must be dismissed in their entirety for failure to administratively exhaust these claims.  Before a plaintiff can bring a Title VII action, she must exhaust her administrative remedies, typically by filing a charge with the EEOC and receiving

---

[2] In her Briefs in Opposition to the Motions to Dismiss, the Plaintiff cites to 42 U.S.C. § 1983.  However, Plaintiff has not asserted a § 1983 claim in her Second Amended Complaint.

from the EEOC a notice of the right to sue.  42 U.S.C. § 2000e-5e(1); *see also Burgh v. Borough Council of the Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001).  Failure to exhaust administrative remedies, while not a jurisdictional defect, is a ground to dismiss a case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Devine v. St. Luke's Hosp.*, 406 Fed. Appx. 654 (3d Cir. 2011), *citing Anjelino v. New York Times Co.*, 200 F.3d 73, 87-8 (3d Cir. 2000).

Here, the Plaintiff's exhibits demonstrate that her EEOC charge related to her contention that she was discriminated against on the basis of her race and disability.  *See* [ECF No. 15-2] pp. 2-3; 28.[3]  In her Intake Questionnaire, the Plaintiff stated that she was not hired for a position that she applied for, and believed it was because of her "Race," "Age," and "Disability," in response to the question regarding discriminatory treatment.  *See* [ECF No. 15-2] p. 28.[4]  The EEOC's correspondence informing the Plaintiff of her right to sue references the Plaintiff's allegations that she was denied a reasonable scheduling accommodation, and was not selected for the position of a Juvenile Probation Officer.  *See* [ECF No. 15-2] pp. 2-3.  This correspondence further reveals that the Plaintiff's EEOC charge alleged discrimination on the basis of race and disability only.  *Id.* at p. 2.  The Court concludes that the Plaintiff has failed to exhaust her administrative remedies with respect to her religion, gender, and sexual harassment/hostile environment claims, and accordingly, these claims will be dismissed.

Moreover, to the extent that Count I of the Plaintiff's Second Amended Complaint could be construed to include race discrimination claims based on multiple failures to promote the Plaintiff, these additional claims will also be dismissed for failure to exhaust.  *See McCann v. Astrue*, 293 Fed. Appx. 848, 850 (3d Cir. 2008) (holding that plaintiff could only recover for the failure to promote claims he presented to the EEOC because he failed to exhaust his

[3] The Court may properly consider documents from administrative proceedings before the EEOC in considering a motion to dismiss federal claims of employment discrimination.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260-61 (3d Cir. 2006) (reviewing two EEOC intake questionnaires and the plaintiff's formal EEOC charge in evaluating the defendant's motion to dismiss); *see also Ruddy v. U.S. Postal Serv.*, 455 Fed. Appx. 279, 283 & n.5 (3d Cir. 2011) (noting that the district court, in considering the defendant's motion to dismiss for, *inter alia*, failure to exhaust administrative remedies, "properly relied on [the plaintiff's] EEOC file, which [the plaintiff] referenced in his complaint and which is integral to his claim").
[4] Plaintiff's Second Amended Complaint does not allege an age discrimination claim.

8

administrative remedies with respect to other instances of non-selection); *see also Thompkins v. PNC Bank*, 2010 WL 4116876 at *7 (W.D.Pa. 2010) ("The Supreme Court has made clear that an instance of failure to promote is a discrete act that is individually actionable.").

   *3.  Eleventh Amendment immunity precludes claims under the ADA and/or FMLA (Count III).*

   ECJP further argues that the Plaintiff's ADA and FMLA claims are barred by sovereign immunity as set forth in the Eleventh Amendment.  In this regard, the Eleventh Amendment to the United States Constitution provides as follows:

> The Judicial power of the United States shall not be construed to extend to any
> suit in law or equity, commenced or prosecuted against one of the United States
> by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.  This grant of sovereign immunity encompasses not only suits in which a state is a named defendant, but also extends to suits brought against state agents and state instrumentalities that have no existence apart from the state.  *See Regents of the University of California v. Doe*, 519 U.S. 425, 117 S.Ct. 900, 137 L.Ed.2d 55 (1997); *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978).  "The Eleventh Amendment renders unconsenting States immune from suits brought in federal courts by private parties."  *Haybarger v. Lawrence County Adult Probation and Parole*, 551 F.3d 193, 197 (3d Cir. 2008) (citing *Edelman v. Jordan*, 415 U.S. 651, 662-63, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974)).

   The United States Court of Appeals for the Third Circuit has held that county probation and parole offices are part of Pennsylvania's judicial system which is considered an arm of the state, and are thus entitled to Eleventh Amendment immunity.  *Haybarger*, 551 F.3d at 198; *see also Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 240 (3d Cir. 2005) (quoting *Callahan v. City of Philadelphia*, 207 F.3d 668, 672 (3d Cir. 2000)) ("[T]he Pennsylvania constitution provides for the vesting of the Commonwealth's judicial power in a 'unified judicial system' which includes all of the courts in Pennsylvania. … All courts and agencies of the unified judicial system … are part of 'Commonwealth government' and thus are state rather than local agencies.") (internal citations omitted).  Eleventh Amendment immunity is subject to three

9

primary exceptions: (1) congressional abrogation; (2) waiver by the state; and (3) suits against individual state officers for prospective injunctive and declaratory relief to end an ongoing violation of federal law. *Pennsylvania Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002). None of these exceptions are applicable here. Because ECJP is immune from suit pursuant to the Eleventh Amendment, the Motion will be granted with respect to the Plaintiff's ADA claim.

Similarly, the Motion will also be granted with respect to the Plaintiff's FMLA claim. "[S]uits against States under [the self-care provision of the FMLA] are barred by the States' immunity as sovereigns." *Coleman v. Court of Appeals of Maryland*, __ U.S. __, 132 S.Ct. 1327, 1332, 182 L.Ed.2d 296 (2012); *see also Banks v. Court of Common Pleas FJD*, 342 Fed. Appx. 818, 821 (3d Cir. 2009) ("[P]rivate suits for damages may not be brought against states for alleged violations of the FMLA, which arise under the Act's self-care provision."); *Harter v. County of Washington*, 2012 WL 1032478 at *4 (W.D.Pa. 2012) (dismissing FMLA claim for money damages by former county employee as barred by the Eleventh Amendment).

B.  *Motion to Dismiss of ESD [ECF No. 49]*

Defendant ESD moves for dismissal of the Plaintiff's claims on the following grounds: (1) Plaintiff has failed to state a claim for unlawful discrimination and/or harassment against the ESD on the basis of race, religion, disability, FMLA, and gender (Counts I-V); and (2) Plaintiff failed to administratively exhaust her claims based on race, religion, gender, and sexual harassment/hostile environment under Title VII (Counts I, II, IV, and V).

1.  *Failure to state a claim for race, religion, disability, FMLA, gender, and sexual harassment/hostile environment under Title VII, the ADA, and the FMLA (Counts I-V)*

With respect to the Plaintiff's claim for race discrimination, ESD's Motion will be granted for the same reasons as discussed in connection with ECJP's Motion. More fundamentally, however, we agree with the ESD that all of the Plaintiff's claims purportedly asserted against it are subject to dismissal since the Plaintiff's Second Amended Complaint is devoid of any factual allegations lodged against it sufficient to support a claim for discrimination. The only allegation directed towards ESD is that she is jointly employed by ESD

10

and ECJP under an "unjust agreement" and the ESD pays her salary.  *See* [ECF No. 43] at ¶¶ 4; 6.  Accordingly, ESD's Motion will be granted with respect to all claims.

     *2. Failure to exhaust claims for race, religion, gender, and sexual harassment/hostile environment under Title VII (Counts I, II, IV and V)*

      Alternatively, ESD further argues that the Plaintiff failed to administratively exhaust her Title VII claims based on race, religion, gender, and sexual harassment/hostile environment.  The Motion will be granted for the same reasons as discussed in connection with ECJP's Motion.

      A district court should ordinarily allow a *pro se* plaintiff to amend her complaint, unless amendment would be inequitable or futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).  Here, we find futility in allowing the Plaintiff to file a fourth Complaint with respect to her ADA/FMLA claims against ECJP.  With respect to the Plaintiff's remaining claims, in light of our above discussion, we find it would be inequitable to allow the Plaintiff to amend her Complaint a fourth time.  Plaintiff has failed to remedy those defects previously identified by the Court on two separate occasions, and we are of the view that continuous amendments would prevent the case from advancing and result in undue delay.  *See* 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 2010) ("[I]f the court determines that plaintiff has had multiple opportunities to state a claim but has failed to do so, leave to amend may be denied.").  Accordingly, the case will be dismissed with prejudice.

**V. CONCLUSION**

      Based on the foregoing, Defendants' Motions to Dismiss shall be granted with respect to all claims.  An appropriate Order follows.[5]

                                   s/ Arthur J. Schwab
                                   Arthur J. Schwab
                                   United States District Judge

cc:      All parties of record

---

[5] Plaintiff has filed a Motion to Proceed to Trial [ECF No. 56], requesting that the Court set the case for trial, and a Motion to Respond [ECF No. 61], requesting that the Court order the Defendants to file responses to her Briefs.  In light of our disposition of the Motions to Dismiss, both of these Motions will be denied as moot.  Plaintiff has also filed a document styled "Motion to have Paid leave with Benefits" [ECF No. 62].  Plaintiff's request for this type of relief is not appropriately before the Court and the Motion will be denied.